IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| OSMOSE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>VIANCE, LLC, ROCKWOOD HOLDINGS, INC., STEPHEN B. AINSCOUGH, SEIFI GHASEMI and CHRISTOPHER R. SHADDAY,<br><br>    Defendants. | CIVIL CASE NO.<br>3:09-CV-23-TWT |
| VIANCE, LLC,<br><br>    Counterclaim-Plaintiff,<br><br>    v.<br><br>OSMOSE, INC., PAUL GOYDAN, STEPHEN C. REEDER and RICHARD J. ZIOBRO,<br><br>    Counterclaim-Defendants. | |

**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff Osmose, Inc. and Counterclaim-Defendants Paul Goydan, Stephen C. Reeder and Richard J. Ziobro (collectively, "Osmose") and Defendants Viance, LLC, Rockwood Holdings, Inc., Stephen B. Ainscough, Seifollah Ghasemi and Christopher R. Shadday (collectively, "Viance" or "Defendants"), by and through

their undersigned counsel, and pursuant to Fed. R. Civ. P. 41(a)(2), hereby stipulate and agree, subject to the approval of the Court, as follows:

1. On March 3, 2009, Osmose filed a Complaint against Viance alleging false advertising under Section 43(a) of the Lanham Act and various related claims under Georgia law [Docket 1].

2. On April 3, 2009, Viance filed Counterclaims against Osmose alleging false advertising under Section 43(a) of the Lanham Act and related Georgia law claims [Docket 50].

3. The Court issued an Order granting Osmose's motion for a preliminary injunction [Docket 188].

4. Viance appealed, and on July 30, 2010, the United States Court of Appeals for the Eleventh Circuit issued an Order affirming in part, vacating in part, and remanding in part the Court's September 29, 2009 Order [Docket 218]. Accordingly, this Court modified its September 29, 2009 Order on September 27, 2010 [Docket 222].

5. As part of the settlement of this action, Osmose and Viance stipulate and agree that the September 29, 2009 Order as amended by and incorporated in the September 27, 2010 Order shall be converted to a permanent injunction.

6. Osmose and Viance stipulate and agree, for purposes of resolving the issues raised in the Complaint and Counterclaim filed herein, to entry by the Court of the permanent injunction pursuant to Fed. R. Civ. P. 65 and 15 U.S.C. §§ 1116 and 1125(a).

7. Osmose and Viance stipulate and agree, for purposes of resolving the issues raised in the Complaint and Counterclaims filed herein, to dismiss with prejudice all remaining claims in Osmose's Complaint and to dismiss with prejudice all claims in Viance's Counterclaims.

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

A. Osmose's claims in its Complaint are hereby dismissed with prejudice subject to C below, pursuant to the parties' Agreement;

B. Viance's claims in its Counterclaims are hereby dismissed with prejudice;

C. Pursuant to Fed. R. Civ. P. 65(d)(1)(A), the September 29, 2009 Order [Docket 188] as amended on September 27, 2010 [Docket 222] is hereby made the permanent Order For Injunction.  Pursuant to that Order:  Defendants, their officers, directors, agents, servants, members, and employees, and all other persons in active concert or participation with them who receive actual notice of this

Stipulation of Final Judgment and Permanent Injunction, are ENJOINED as follows:

1. Defendants may publish the results of the in-service survey performed by Viance and the field stake tests conducted in Hawaii and Japan;

2. Defendants are enjoined, however, from claiming or implying in commercial advertising or promotional statements that those studies demonstrate that structures built using micronized copper-treated wood are unsafe, pose a threat to consumers, or are structurally unsound;

3. Defendants are enjoined from claiming or implying in commercial advertising or promotional statements that the studies demonstrate that micronized copper preservatives are defective in general or are less effective than solubilized copper preservatives;

4. Defendants may not draw their own conclusions about what the studies indicate and then, in commercial advertising or promotional statements, attribute those conclusions to the studies themselves unless the data in the studies clearly support

such conclusions.  Any conclusions attributed to the studies in commercial advertising or promotional statements must be stated in the studies themselves or must be readily apparent from the data contained in the studies; and

5. Defendants may not indicate or imply in commercial advertising or promotional statements that any conclusions or opinions concerning the effectiveness of micronized copper preservatives or the safety of structures built with micronized copper-treated wood are verified or endorsed by Timber Products.

D. Except as set forth in the Agreement, each party shall bear its/his respective costs and attorney's fees; and

E. The Court shall retain jurisdiction over this matter and the parties for purposes of enforcement of the Agreement and Permanent Injunction.

SO ORDERED, this 18th day of April, 2011.


/s/Thomas W. Thrash
Thomas W. Thrash
United States District Judge

5

AGREED AND CONSENTED TO:

| | |
|---|---|
| s/ Jill Wasserman | s/ Jack N. Sibley |
| Courtland L. Reichman | Jack N. Sibley |
|   (Ga. Bar No. 599894) |   (Ga. Bar No. 644850) |
| Jill Wasserman | Warner S. Fox |
|   (Ga. Bar No. 739662) |   (Ga. Bar No. 272654) |
| Russell E. Blythe | Robert S. Thompson |
|   (Ga. Bar No. 141379) |   (Ga. Bar No. 709650) |
| KING & SPALDING LLP | Carl H. Anderson, Jr. |
| 1180 Peachtree Street |   (Ga. Bar No. 016320) |
| Atlanta, GA 30309 | HAWKINS PARNELL THACKSTON |
| Phone: (404) 572-4600 | & YOUNG LLP |
| Fax: (404) 572-5134 | 4000 SunTrust Plaza |
| | 303 Peachtree Street, N.E. |
| | Atlanta, GA 30308-3243 |
| | Phone: (404) 614-7400 |
| | Fax: (404) 614-7500 |
| *Attorneys for Defendants and* | |
| *Counterclaim-Plaintiff* | *Attorneys for Plaintiff and* |
| | *Counterclaim-Defendants* |
| VIANCE, LLC, ROCKWOOD | |
| HOLDINGS, INC., STEPHEN B. | OSMOSE, INC., PAUL GOYDAN, |
| AINSCOUGH, SEIFI GHASEMI, and | STEPHEN C. REEDER and RICHARD |
| CHRISTOPHER R. SHADDAY | J. ZIOBRO |